UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Latrice A. Spearman,                                    Case No. 17-41184
                                                        Chapter 7
       Debtor.                                         Hon. Maria L. Oxholm
_____/

BRite Financial Services, LLC,

       Plaintiff,

v.                                                      Adversary Proceeding
                                                        Case No. 17-04353

Latrice A. Spearman,

       Defendant.
_____/

## OPINION AND ORDER REGARDING DEFAULT JUDGMENT

On May 8, 2017, Plaintiff, BRite Financial Services, LLC, filed this adversary proceeding to determine dischargeability of debt pursuant to 11 U.S.C. §523(a)(6) and to object to discharge pursuant to 11 U.S.C. §727(a)(2). On June 13, 2017, the Clerk entered a default against Defendant Latrice A. Spearman for failure to answer the complaint. (Doc. 6) That same day, Plaintiff filed a motion for default judgment. (Doc. 7). The default judgment was entered on July 21, 2017. (Doc. 11). Upon further review, the Court determined to schedule a hearing to reconsider part of the relief in the motion for default judgment; specifically addressing whether the Plaintiff has standing to maintain a §727(a)(2) cause of action after the Plaintiff's debt has been excepted from discharge pursuant to §523(a)(6). The Court requested a supplemental brief

1

from the Plaintiff addressing this issue and *In re Rosenfeld*, 535 B.R. 186 (Bankr. E.D. Mich. 2015), aff'd, 558 B.R. 825 (E.D. Mich. 2016). The Court held a hearing on September 7, 2017.

In its brief, Plaintiff argues that a dischargeability judgment based upon §523(a)(6) is dischargeable in a subsequent Chapter 13 proceeding pursuant to 11 U.S.C. § 1328(a), and therefore, this Court can give meaningful relief to Plaintiff by denying Defendant her discharge pursuant to §727(a)(2). Plaintiff further provides several arguments distinguishing *In re Rosenfeld* from the case at bar. First, Plaintiff claims that the *In re Rosenfeld* court did not address whether the plaintiff was a creditor; instead, the court "concluded that it [did] not have subject matter jurisdiction over [an ex-spouse] adversary because it [could] not award any meaningful relief to the Plaintiff." (Doc. 13, pg. 2).

Second, Plaintiff maintains that the debt in *In re Rosenfeld* was nondischargeable under 11 U.S.C. §523(a)(15) and any debt found nondischargeable under §523(a)(15) is forever nondischargeable, even in a subsequent Chapter 13 proceeding. Under those circumstances, Plaintiff contends there is no meaningful relief that can be gained by blocking the debtors discharge under §727(a)(2). To the contrary, and despite the fact that the debt is not discharged in this case, Plaintiff asserts that it has a personal stake in subsequent discharge decisions—by denying Defendant her discharge, she could no longer proceed with filing a Chapter 13 and discharging of the §523(a)(6) debt.

The Court disagrees. Preliminarily, Plaintiff failed to articulate the significance of the fact that the plaintiff in *In re Rosenfeld* was an ex-husband of the debtor rather than a creditor, and how that fact makes a difference in the analysis for standing. More importantly, a close reading of §1328(a) reveals that §523(a)(15), like §523(a)(6), is also missing from the list of debts excepted from a Chapter 13 discharge. Section 1328(a) provides,

(a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

> (2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a);

11 U.S.C.A. § 1328(a)(2). Therefore, Plaintiff is incorrect in alleging that the debt in *In re Rosenfeld* remains forever not dischargeable, even in a subsequent Chapter 13 proceeding. See also *In re Mapley*, 437 B.R. 225, 229 (Bankr. E.D. Mich. 2010) (fn. 8). Thus, for purposes of the standing argument, there is no meaningful difference between §§523(a)(6) and (a)(15) as debts under both sections are dischargeable in a Chapter 13 proceeding.

The Court will further emphasize that in order to have Article III standing, a plaintiff must establish an "injury in fact." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). The injury "must be "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.' " *Id*. (Internal citations omitted). Plaintiff's argument of a potential discharge in a subsequent Chapter 13 proceeding is hypothetical and speculative at best. Plaintiff has not presented any evidence that Defendant is intending to convert her Chapter 7 case into a Chapter 13 or will later file a Chapter 13 petition.

Accordingly, like the ex-husband in *In re Rosenfeld*, the Plaintiff lacks standing in this adversary proceeding. Plaintiff no longer has a personal stake in this controversy as it can gain nothing for itself beyond the relief already obtained pursuant to §523(a)(6). Plaintiff received the entire relief sought in this action and its requested relief under §727(a)(2) is moot.

3

For the foregoing reasons, Plaintiff's motion for default judgment on the objection to discharge pursuant to §727(a)(2) is denied. Plaintiff is further ordered to file an amended order for default judgment in accordance with the Court's ruling.

IT IS SO ORDERED.

**Signed on September 12, 2017**



/s/ **Maria L. Oxholm**

**Maria L. Oxholm**
**United States Bankruptcy Judge**